IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GGNSC MORGANTOWN, LLC,

        Plaintiff,

v.                //   CIVIL ACTION NO. 1:14CV118
                           (Judge Keeley)

CHRISTINE PHILLIPS, as Administratrix
of the Estate of Linda D. Nelson,

        Defendant.


MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5], AND
GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION [DKT. NO. 8]

      Pending before the Court are the motion to dismiss (dkt. no. 5) filed by the defendant, Christine Phillips ("Phillips"), as the administratrix of the estate of Linda D. Nelson ("Nelson"), and the motion to compel arbitration (dkt. no. 8) filed by the plaintiff, Golden Gate National Senior Care Morgantown, LLC ("GGNSC"). For the reasons discussed below, the Court **DENIES** Phillips's motion to dismiss, and **GRANTS** GGNSC's motion to compel arbitration.

**I. BACKGROUND**

      GGNSC operates a nursing care facility for senior citizens in Morgantown, West Virginia. On January 18, 2012, Nelson, who was sixty-one years old at the time and had recently suffered a leg injury, signed an Admission Agreement with GGNSC, obligating it to provide "routine nursing and emergency care and other services to [Nelson] in exchange for payment." (Dkt. No. 8-2 at 5; 5-1 at 1).

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION

On the same day, Nelson signed an Alternative Dispute Resolution Agreement ("ADR Agreement"), by which she agreed that any disputes with GGNSC "shall be resolved exclusively by an ADR process that shall include mediation and, where mediation is not successful, binding arbitration." (Dkt. No. 1-1 at 2). The ADR Agreement further provided that "the Parties' resort to a court of law shall be limited to an action to enforce a binding arbitration decision entered in accordance with this Agreement or to vacate such a decision based on the grounds set forth in the Federal Arbitration Act, 9 U.S.C. sections 1-16, or the law of the state where Facility is located." <u>Id.</u> Finally, the ADR Agreement expressly applied to Nelson, as well as "all persons whose claim is or may be derived through or on behalf of [Nelson], including any next of kin, guardian, executor, administrator, legal representative, or heir . . . ." <u>Id.</u>

Nelson's discharge and re-admission dates are unclear from the record. However, she did sign the Admission Agreement again, both in February 2012 (dkt. no. 8-3 at 9) and May 2012 (dkt. no. 8-4 at 6). She also signed a Readmission Agreement in May 2012, which purported to continue the terms of the original Admission Agreement

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

signed the previous January. (Dkt. No. 8-5 at 1). Despite her re-admissions, Nelson did not sign any additional ADR Agreements.

Nelson passed away following her re-admission in May 2012. In April 2014, Phillips, the administratrix of Nelson's estate, served a notice of claims on GGNSC, advising of her intent to file survival claims and a wrongful death action. According to the notice, GGNSC failed to institute a care plan for the treatment of Nelson's leg hematomas, failed to care adequately for her catheter, and failed to prevent a fall that allegedly resulted in a urinary tract infection, sepsis, and ultimately death. The parties mediated Phillips's claims on June 30, 2014, but did not reach a resolution. On July 2, 2014, GGNSC made a demand on Phillips to comply with the ADR Agreement by submitting her claims to arbitration. Phillips declined.

On July 8, 2014, GGNSC filed a complaint seeking an order compelling Phillips to arbitrate her claims in accordance with the ADR Agreement. Phillips responded with a motion to dismiss the complaint.[1] GGNSC filed a memorandum opposing Phillips's motion, as well as its own motion to compel arbitration under the Federal

---

[1] Although Phillips fails to assert the specific basis for dismissal, her motion appears to allege failure to state a claim upon which relief can be granted pursuant to F.R.Civ. P. 12(b)(6).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

Arbitration Act ("FAA"). Phillips has not responded to GGNSC's motion.

## II. MOTION TO DISMISS

### A.    Sufficiency of the Allegations

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).   In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547).

On a motion to dismiss, the Fourth Circuit permits district courts to consider documents attached to the motion, "so long as

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

they are integral to the complaint and authentic."[2]  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)); see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004); Philips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999).

In moving the Court to compel arbitration under the FAA, a litigant must establish four elements: "'(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)).

In paragraph 29 of its complaint, GGNSC alleges that "[Phillips] served a Notice of Claim expressing her intent to file a lawsuit," thus satisfying the first element.  In paragraph 32,

---

[2] There is no dispute that the ADR Agreement, as attached to the complaint, and the Admission Agreement, as attached to GGNSC's responsive memorandum, are both integral and authentic.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

GGNSC satisfied element four by alleging that Phillips declined to arbitrate her claim. As to the third element, the ADR Agreement by its terms is "part of the Admission Agreement, and [] the Admission Agreement evidences a transaction in interstate commerce governed by the [FAA]." (Dkt. No. 1-1 at 2). Finally, the second element is satisfied by section III of the ADR Agreement, which covers "any and all disputes arising out of or in any way relating to this Agreement or to [Nelson's] stay at [GGNSC] or the Admissions Agreement . . . ." Id. at 3. Therefore, GGNSC has sufficiently pleaded its claim.

**B. Enforceability**

In her motion, Phillips contends that the ADR Agreement is unenforceable against her because (I) it is unconscionable, and (ii) she is not a signatory to it. See West Virginia ex rel. Johnson Controls, Inc. v. Tucker, 729 S.E.2d 808, 816 (W. Va. 2012) (recognizing that arbitration clauses may be "unenforceable under generally applicable contract law defenses"). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

1992).  "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'"  <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007) (quoting <u>Richmond, Fredericksburg & Potomac R.R. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993)). Here, because all relevant facts are evident from the pleadings, the Court may address Phillips's affirmative defenses in the context of her motion to dismiss.

### 1. <u>Rent-A-Center</u>

As an initial matter, GGNSC argues that the decision in <u>Rent-A-Center, West, Inc. v. Jackson</u>, 561 U.S. 63 (2010), requires the question of unconscionability to be arbitrated.  In that case, the Supreme Court considered "whether, under the [FAA], a district court may decide a claim that an arbitration agreement is unconscionable, where the agreement explicitly assigns that decision to the arbitrator." <u>Rent-A-Center, West, Inc. v. Jackson</u>, 561 U.S. 63, 65 (2010).  In <u>Rent-A-Center</u>, the so-called "delegation provision" in the arbitration agreement provided that "[t]he Arbitrator . . . shall have exclusive authority to resolve

any dispute relating to the . . . enforceability . . . of this
Agreement including, but not limited to any claim that all or any
part of this Agreement is void or voidable." <u>Id.</u> at 68
(alterations in original) (internal quotation marks and citation
omitted).  Importantly, the defendant did not challenge the
enforceability of the delegation provision specifically, but
instead challenged the enforceability of the agreement as a whole.
<u>Id.</u> at 72. Five justices joined an opinion holding that, where a
litigant challenges the enforceability of an arbitration agreement
as a whole rather than the delegation provision specifically,
courts should refrain from ruling on the issue and require that it
be arbitrated.  <u>Id.</u> at 72-75.

Here, GGNSC's reliance on <u>Rent-A-Center</u> is misplaced.
Although Phillips is challenging the enforceability of the entire
ADR Agreement, the delegation provision in this case does not
require the enforceability issue to be arbitrated.  The delegation
provision cited by GGNSC provides "the determination of the scope
or applicability of this Agreement[] shall be determined by
arbitration."  (Dkt. No. 1-1 at 3; 8-1 at 11).   It is
distinguishable from the provision at issue in <u>Rent-A-Center</u>
because it does not specifically mention "enforceability" as an

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

arbitrable issue. Therefore, the Court turns to the merits of Phillips's unconscionability defense.

## 2. Unconscionability

The West Virginia Supreme Court of Appeals has outlined the principles governing a court's determination of whether a contract is unconscionable. See Syl. Pts. 4-13, Brown v. Genesis Healthcare Corp., 729 S.E.2d 217, 220-22 (W. Va. 2012) ("Brown II").

> The doctrine of unconscionability means that, because of an overall and gross imbalance, one-sidedness or lop-sidedness in a contract, a court may be justified in refusing to enforce the contract as written. The concept of unconscionability must be applied in a flexible manner, taking into consideration all of the facts and circumstances of a particular case.

Syl. Pt. 4, id. at 220.

A contract is unenforceable if it is "both procedurally and substantively unconscionable." Syl. Pt. 9, id. at 221. "Procedural unconscionability is concerned with inequities, improprieties, or unfairness in the bargaining process and formation of the contract." Syl. Pt. 10, id. "Substantive unconscionability involves unfairness in the contract itself and whether a contract term is one-sided and will have an overly harsh effect on the disadvantaged party." Syl. Pt. 12, id. "Courts

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

should apply a 'sliding scale' in making this determination." Syl.
Pt. 9, <u>id.</u>

### I. Procedural Unconscionability

Phillips argues that the ADR Agreement is procedurally
unconscionable because it was "burie[d] . . . in an already lengthy
and complicated admission contract," and was a "take-it or leave-it
agreement." (Dkt. No. 5-1 at 4). In fact, the ADR Agreement was
a completely separate document, and by its own terms "is not a
condition of admission to or residence in the [GGNSC]." (Dkt. No.
1-1 at 4). In other words, Nelson was free to avail herself of
GGNSC's services without signing the ADR Agreement.

Phillips also points out that Nelson was "sick and elderly" at
the time she entered into the ADR Agreement. (Dkt. No. 5-1 at 4).
Considering that GGNSC operates a nursing home, the
characterization of a resident as sick and elderly (although
Nelson, at age 61 may more aptly be described as middle-aged than
elderly) is hardly unusual. Moreover, at the time she signed the
ADR Agreement, Nelson expressly understood that "she ha[d] the
right to seek advice of legal counsel concerning this Agreement."
(Dkt. No. 1-1 at 4). As the Supreme Court of Ohio has held, "an
arbitration agreement voluntarily executed by a nursing-home

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

resident upon her admission and not as a precondition to admission is not rendered procedurally unconscionable solely by virtue of the resident's age." <u>Hayes v. Oakridge Home</u>, 908 N.E.2d 408, 410 (Ohio 2009).

Finally, Phillips contends that the ADR Agreement constitutes a contract of adhesion, and is therefore procedurally unconscionable. (Dkt. No. 5-1 at 5). "A contract of adhesion is one drafted and imposed by a party of superior strength that leaves the subscribing party little or no opportunity to alter the substantive terms, and only the opportunity to adhere to the contract or reject it." Syl. Pt. 11, <u>Brown II</u>, 729 S.E.2d at 221. The top of the first page of the ADR Agreement states "**THIS IN <u>NOT</u> A CONDITION OF ADMISSION TO OR CONTINUED RESIDENCE IN THE [GGNSC].**" (Dkt. No. 1-1 at 2) (emphasis in original). Thus, Nelson was in no way forced to enter into the ADR Agreement. Moreover, she acknowledged her opportunity to seek legal advice before signing, and she possessed the unilateral ability to revoke the ADR Agreement for thirty days after signing. <u>Id.</u> at 4.

For these reasons, the ADR Agreement is not procedurally unconscionable. Given the lack of procedural unconscionability,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

any showing of substantive unconscionability is irrelevant. Nevertheless, the Court will address Phillips's arguments.


### ii. Substantive Unconscionability

Phillips first contends that the ADR Agreement is substantively unconscionable because it "remain[s] in effect for all care and services rendered to [Nelson] at or by [GGNSC] regardless of whether [Nelson] is subsequently discharged and readmitted to [GGNSC] without renewing, ratifying, or acknowledging this Agreement." (Dkt. No. 1-1 at 4). Phillips cites West Virginia ex rel. City Holding Co. v. Kaufman, 609 S.E.2d 855 (W. Va. 2004) for the proposition that public policy disfavors implication in contracts. (Dkt. No. 5-1 at 6). From there, she concludes that the extension provision in the ADR Agreement "is simply unconscionable." Id. at 5.

The unremarkable rule quoted in Kaufman is that "arbitration agreements will not be extended by construction or implication." 609 S.E.2d at 859 (quoting Daimler Chrysler Corp. v. Franklin, 814 N.E.2d 281 (Ind. Ct. App. 2004)). Here, the extension provision in the ADR Agreement requires no construction or implication. It unambiguously states that the ADR Agreement remains effective as to

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

all care and services provided to the signatory despite any discharges or re-admissions to GGNSC.

Next, Phillips argues that substantive unconscionability arises from the fee and cost shifting provision, which provides as follows:

> Where [Nelson] initiates arbitration against [GGNSC], the only fee required to be paid by [Nelson] is $250, which is approximately equivalent to a court filing fee; all other fees and costs, including any remaining JAMS case management fees and professional fees for the arbitrator's services, shall be paid by [GGNSC].  Where [GGNSC] initiates arbitration, [GGNSC] will pay all fees and costs associated with the arbitration other than [Nelson's] attorney fees, if any.  The Parties shall bear their own costs and attorney's fees except that the arbitrator may, in the Award, allocate all or part of the costs of the arbitration, including the fees of the arbitrator and the reasonable attorneys' fees of the prevailing party.

(Dkt. No. 1-1 at 4). The provision would require Nelson to pay a $250 filing fee to arbitrate her claims, and GGNSC would cover all other costs of the arbitration.  However, the provision grants the arbitrator discretionary authority to award attorneys' fees and costs to the prevailing party.

The Fourth Circuit has articulated the standard applicable to arguments concerning fee and cost provisions in arbitration agreements: "The party seeking to avoid arbitration must prove that arbitration would be prohibitively expensive."  <u>Sydnor v. Conseco</u>

13

Fin. Servicing Corp., 252 F.3d 302, 306 (4th Cir. 2001) (internal quotation marks and citation omitted).[3]  This builds off the holding in Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 92 (2000), that "where, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs."

Here, Phillips has failed to demonstrate either that the costs of arbitrating her claims would be prohibitively expensive, or that the arbitrator likely would allocate such expenses to her. Therefore, the fee and cost shifting provision is not the basis for a finding of substantive unconscionability.

Although confusing, Phillips's next argument seems to suggest that Nelson's decision to forego a jury trial in favor of arbitration renders the ADR Agreement unconscionable. Phillips correctly acknowledges, however, that the raison d'être of arbitration is to submit claims to an arbitrator rather than to a jury. Nevertheless, she speculates that discovery might reveal that most residents sign the ADR Agreement, which, she contends, "would certainly be evidence that the residents are not making informed

---

[3] In Sydnor, the arbitration agreement was silent on fees and costs. 252 F.3d at 305.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

decisions." (Dkt. No. 5-1 at 8). But the mere fact that clients of a particular business sign the same agreement is not <u>per se</u> evidence of unconscionability.  <u>Cf.</u> <u>Smith v. Kriska</u>, 113 S.W.3d 293, 298 (Mo. App. 2003) ("Standard form contracts are not viewed by courts as inherently sinister or automatically unenforceable, rather they are part of a mass production and mass consumer society.") (citation omitted).

Finally, Phillips contends that the JAMS[4] discovery rules governing any proceedings under the ADR Agreement are unconscionable because "this is a complicated wrongful death claim" in which she should have "the opportunity to depose each of the individuals involved in [Nelson's] care." (Dkt. No. 5-1 at 9). The ADR Agreement provides that "[t]he arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures in cases where no disputed claim or counterclaim exceeds $250,000 . . . and by its Comprehensive Arbitration Rules and Procedures in all other cases." (Dkt. No. 1-1 at 3).

Rule 13 of the streamlined rules does not expressly provide for any depositions, and Rule 17 of the comprehensive rules permits each party to take one deposition.  Importantly, however, both sets

---

[4] JAMS is a private alternative dispute resolution provider.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

of rules provide the arbitrator the discretion to require additional discovery "based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing Parties and witness."[5]

If Phillips could make such a showing to the arbitrator, she certainly could engage in any necessary discovery. More importantly, it is well settled that the discovery limitations provided in arbitration agreements are not grounds for unconscionability. See Brown v. CMH Mfg., Inc., No. 2:12-31404, 2014 WL 4298332, at *8 (S.D.W. Va. Aug. 29, 2014) ("'Limited discovery rights are the hallmark of arbitration . . . . The fact that an arbitration may limit a party's discovery rights is not 'substantive unconscionability.' If it were, every arbitration clause would be subject to an unconscionability challenge on that ground.'") (quoting West Virginia ex rel. Ocwen Loan Servicing, LLC v. Webster, 752 S.E.2d 372, 398 (W. Va. 2013)); see also Iberia Credit Bureau, Inc. v. Cingular Wireless LLC, 379 F.3d 159, 174 (11th Cir. 2004) ("As the Supreme Court has explained, the fact that certain litigation devices may not be available in an

---

[5] See ADR Clauses, Rules, and Procedures, JAMS, http://www.jamsadr.com/rules-clauses/.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

arbitration is part and parcel of arbitration's ability to offer 'simplicity, informality, and expedition.'") (quoting <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 31 (1991)).  For these reasons, the ADR Agreement is neither procedurally nor substantively unconscionable.

### 3. Arbitrability of Phillips's Wrongful Death Claim

Finally, Phillips argues that the ADR Agreement entered into by Nelson has no effect on Phillips's wrongful death claim against GGNSC because Nelson "cannot contractually inhibit her statutory beneficiaries' right to their wrongful death claim." (Dkt. No. 5-1 at 10).  According to Phillips, "[t]his issue does not appear to have been directly addressed in West Virginia."  <u>Id.</u>

Phillips's assertion notwithstanding, in Syllabus Point 21 of <u>Brown ex rel. Brown v. Genesis Healthcare Corp.</u>, 724 S.E.2d 250, 262 (W. Va. 2011) ("<u>Brown I</u>"), the West Virginia Supreme Court of Appeals determined that "Congress did not intend for arbitration agreements, adopted prior to an occurrence of negligence that results in a personal injury or wrongful death, and which require questions about the negligence be submitted to arbitration, to be governed by the [FAA]."  Based on that determination, the court held that,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

> [a]s a general matter, we find that the arbitration clause signed by Mrs. Taylor is unenforceable as a matter of public policy.  Arbitration clauses in nursing home admission agreements - which were signed prior to the alleged occurrence of negligence that resulted in the person [sic] injury or wrongful death of a nursing home resident - cannot be enforced to compel arbitration of a later negligence action against the nursing home.

Id. at 295.

The nursing homes appealed the decision to the Supreme Court of the United States, which, in a per curiam opinion, vacated and remanded Brown I because the decision was "both incorrect and inconsistent with clear instruction in the precedents of this Court." Marmet Health Care Ctr., Inc. v. Brown, __ U.S. __, 132 S. Ct. 1201, 1203 (2012).  It further explained that the FAA "includes no exception for personal-injury or wrongful-death claims." Id. On remand, in accord with Marmet, the West Virginia Supreme Court of Appeals overruled Syllabus Point 21 of Brown I.  Syl. Pt. 3, Brown II, 729 S.E.2d at 220.

Based on Brown I, Marmet, and Brown II, it is clear that the FAA governs whether an arbitration agreement applies to wrongful death claims, even when the claimant is a non-signatory to the agreement.  It is also clear that the FAA includes no exception for the arbitrability of wrongful death claims, and "'requires courts to enforce the bargain of the parties to arbitrate.'" Marmet, 132

18

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

S. Ct. at 1203 (quoting <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213, 217 (1985)). Therefore, the Court rejects Phillips's argument that the ADR Agreement signed by Nelson does not apply to her wrongful death claim against GGNSC.

### III. MOTION TO COMPEL ARBITRATION

"'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" <u>United Steel, Paper & Forestry, Ruber, Mfg., Energy, Allied Indus. & Svc. Workers Int'l Union Local 850L</u>, 568 F.3d 158, 163-64 (4th Cir. 2009) (quoting <u>AT&T Techs., Inc. v. Commc'ns Workers of Am.</u>, 475 U.S. 643, 648 (1986)). "The FAA reflects the fundamental principle that arbitration is a matter of contract." <u>Rent-A-Center</u>, 561 U.S. at 67.

"[T]he standard for deciding a motion to compel arbitration brought under the [FAA] . . . is similar to the standard applicable to a motion for summary judgment." <u>Erichsen v. RBC Capital Mkts., LLC</u>, 883 F. Supp. 2d 562, 568 (E.D.N.C. 2012) (citations omitted). "'If a court properly determines that the contract is unambiguous on the dispositive issue, it may then properly interpret the contract as a matter of law and grant summary judgment because no interpretive facts are in genuine issue.'" <u>Williams v. Precision</u>

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

Coil, Inc., 459 S.E.2d 329, 343 n.26 (W. Va. 1995) (quoting Goodman v. Resolution Trust Corp., 7 F.3d 1123, 1126 (4th Cir. 1993)); see also 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").

As discussed, GGNSC bears the burden of establishing (1) a dispute between the parties, (2) an arbitration agreement covering the dispute, (3) the relationship of the transaction to interstate commerce, and (4) the failure, neglect or refusal of Phillips to arbitrate her claims.  Adkins, 303 F.3d at 500-01.  Although the Court has already determined that GGNSC sufficiently pleaded these four elements, it must now determine whether any genuine dispute exists concerning the merits of GGNSC's allegations.

Obviously, there is a dispute between the parties involving Phillips's wrongful death and survival claims, which Phillips refuses to submit to arbitration. As to the second element, the ADR Agreement covers "any and all disputes arising out of or in any way relating to this Agreement or to [Nelson's] stay at [GGNSC] or the Admissions Agreement." (Dkt. No. 1-1 at 3). It also applies to "all

20

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

persons whose claim is or may be derived through or on behalf of [Nelson], including any next of kin, guardian, executor, administrator, legal representative, or heir of [Nelson], and any person who has executed this Agreement on [Nelson's] behalf." Id. at 2. The Court has rejected Phillips's argument that she is not bound by the ADR Agreement, and thus the second element is satisfied. Finally, the ADR Agreement is "part of the Admission Agreement, and [] the Admission Agreement evidences a transaction in interstate commerce governed by the [FAA]." (Dkt. No. 1-1 at 2).

### IV. CONCLUSION

Phillips has failed to demonstrate that the ADR Agreement is unconscionable or otherwise unenforceable. GGNSC, on the other hand, has established the necessary elements of its action to compel arbitration. Therefore, the Court **DENIES** Phillips's motion to dismiss, **GRANTS** GGNSC's motion to compel arbitration, and **DIRECTS** the parties to proceed to arbitration consistent with the terms of the ADR Agreement.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record, to enter a

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

separate judgment order, and to remove this case from the Court's active docket.

DATED: October 24, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE